IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SIDNEY W. JACKSON IV, | ) |
| Plaintiff, | ) Case No. 2:24-cv-667-SGC<br>) Opposed |
| v. | ) |
| U.S. INTERNAL REVENUE SERVICE, | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
OR ALTERNATIVELY FOR SUMMARY JUDGMENT**

The Court should dismiss this Freedom of Information Act suit because Plaintiff does not dispute that he did not exhaust his administrative remedies.

**I.      Plaintiff had administrative remedies to exhaust before suing.**

Plaintiff failed to address the straightforward Eleventh Circuit precedent establishing that he was required to exhaust his administrative remedies before filing this suit. Instead, Plaintiff turns to the Service's pre-determination letters: "Pursuant to 26 CFR § 601.702, there is no right to an administrative appeal **for failure to meet the statutory 20 business-day, or additional 10 business-day, timeframe for response**." (ECF 8 at 2) (emphasis added). But Plaintiff is not seeking review of failure to meet the response deadline—Plaintiff has already received a final response along with nearly 4,000 pages of records. (Compl. ¶34.)

1

Rather, Plaintiff challenges the substance of the Service's determination, for which administrative exhaustion is a judicial prerequisite.

When an agency responds to a FOIA request, even belatedly, the requester must exhaust their administrative remedies before filing suit. *Rease v. Harvey*, 238 F. App'x 492, 495 (11th Cir. 2007) ("Even when an agency belatedly responds to a FOIA request, the requester still must exhaust his administrative remedies."). In 1994, the Eleventh Circuit adopted this already long-established law. *Taylor v. Appleton*, 30 F.3d 1365, 1369 (11th Cir. 1994) ("We, therefore, join the District of Columbia Circuit and the Third Circuit on this issue."); *see, e.g.*, *Aguirre v. NRC*, 11 F.4th 719, 726 (9th Cir. 2021) ("We now join our sister circuits [including the Eleventh Circuit], holding that a requester must exhaust his administrative remedies under FOIA so long as an agency properly responds before suit is filed.")

II. **The Service's final response constituted a determination under FOIA law triggering Plaintiff's administrative appeal requirement.**

The parties agree that *CREW v. Fed. Election Comm'n* held that an agency FOIA determination should indicate the scope of documents it will produce and exemptions it will claim. 711 F.3d 180, 186 (D.C. Cir. 2013). But Plaintiff incorrectly expands an agency's administrative level duty regarding the exemptions it claims. *CREW* does not support Plaintiff's argument—nothing does.

### A. The Service's final response goes beyond the requirements set forth in *CREW*.

The Service's final response letter properly indicated the scope of the exemptions it claimed. Agencies are not even required to simultaneously produce responsive records for their response to qualify as a determination under the FOIA. *Id*. at 188. Nor are they required to provide an estimate of the number of withheld pages. *Nat'l Sec. Counselors v. CIA*, No. 12-cv-284, 2013 WL 12324697, at *3 (D.D.C. June 13, 2013). Moreover, it is unclear what Plaintiff means when he alleges that the "scope" was not communicated by the Service's letter, and he does not explain what additional information he would deem sufficient. He cannot mean that he was entitled to receive a document-by-document index of withholdings during the administrative process, because *CREW* makes clear that a *Vaughn* index is not required. *CREW*, 711 F.3d at 187, n. 5; *see also*, *infra*, Part II.B.

Although *CREW* did not define the term, "it is clear from the Circuit's recitation of the facts that the 'scope' found to be lacking from the agency's response was 'a more specific statement about what documents the [agency] would produce and what exemptions the [agency] would claim.'" *Nat'l Sec. Counselors*, 2013 WL 12324697, at *3, n.3 (quoting *CREW*, 711 F.3d at 183.).

Courts have declined to require more. Where an agency issued a FOIA response "listing and defining the exemptions that the agency applied" which "provided only the number of pages it was withholding, rather than, say, a

3

description of or list of the withheld documents", the D.C. Circuit held that the "level of detail that [the agency] provided is sufficient to explain the reasons for its withholding … decisions, and amounted to a 'determination' that triggered the FOIA administrative appeals process." *Khine v. U.S. Dep't of Homeland Sec.*, 943 F.3d 959 (D.C. Cir. 2019). Similarly, in *Nat'l Sec. Counselors*, the defendant agency:

> (1) produced to [plaintiff] all responsive, non-exempt records, (2) informed [plaintiff] that it was withholding all other responsive records, (3) specified which exemptions it was claiming to justify the withholding of responsive records, and (4) notified [plaintiff] of its right to appeal the determination administratively.

2013 WL 12324697, at *3. The court held that "[u]nder *CREW* no more is required to trigger a requester's obligation to exhaust administrative remedies." *Id*.

The Service's final response went above and beyond what *CREW* requires. The final response provided the number of pages it was producing and withholding, both in full and in part. (Compl. at Exh. 9.) It listed the exemptions it was claiming and defined them. (*Id.*) At the same time, the Service provided all responsive, non-exempt records and each redaction to the partially withheld records was marked with the applicable exemption. (*Id.*) The Service's final response thus satisfied *CREW* and qualifies as a determination. *See, e.g.*, *Khine*, 943 F.3d 959.

Finally, Plaintiff's reliance on *CREW* is misguided in the first place. In *CREW*, "the court was concerned that agencies could 'keep FOIA requests bottled up in limbo for months or years on end' by issuing a response that precludes a requester

from pursuing both an administrative appeal and a federal lawsuit." *Jud. Watch, Inc. v. U.S. Dep't of Justice*, 410 F. Supp. 3d 216, 224 (D.D.C. 2019) (quoting *CREW*, 711 F.3d at 187); *see also Nat'l Sec. Counselors*, 2013 WL 12324697, at *2 ("The thrust of *CREW* is that, to comply with the FOIA's time limits in issuing a 'determination,' an agency cannot 'simply decide to later decide.'")

Here, the Service's letter informed Plaintiff that it was the agency's "final response" to the FOIA request and that Plaintiff had the right to file an administrative appeal. It also included an IRS Notice further explaining Plaintiff's appeal rights in great detail. (Compl. at Exh. 9.) There is no indication that the Service's response was anything but a final determination subject to administrative appeal.

### B. The Service was not required to provide a *Vaughn* index or functional equivalent.

Plaintiff tries to bolster his argument by erroneously claiming that the Service was required to produce a privilege log to properly assert FOIA Exemption 5. Plaintiff cites a case suggesting that the government must produce a privilege log when withholding documents from discovery under the deliberative process privilege. (ECF 8 at 5) (citing *Confidential Informant 59-05071 v. United States*, 108 Fed. Cl. 121 (2012)). But Plaintiff misunderstands the FOIA.

Courts have specifically held that "[t]here is no requirement that administrative responses to FOIA requests contain the same documentation necessary in litigation." *Crooker v. CIA*, Civ. No. 83-1426, slip op. at 3 (D.D.C.

5

Sept. 28, 1984); *see, e.g.*, *Khine*, 943 F.3d 959, 967 (FOIA requester not entitled to receive document-by-document index of withholdings during the administrative process) (internal citation omitted.). Yet Plaintiff's cited case describes the procedure for asserting the deliberative process privilege **in litigation** in a non-FOIA case. *See Confidential Informant 59-05071*, 108 Fed. Cl. at 131 (describing government's burden to show that the privilege protects documents "it seeks to withhold from discovery.").

And an agency is not required to show that it has properly asserted any FOIA exemption during the administrative process. An agency is only required to meet this burden when: (a) the requester has satisfied the judicial prerequisite of exhausting their administrative remedies, and (b) the agency has moved for summary judgment with its evidence in support of the FOIA exemptions claimed.[1] But the procedural

---

[1] To meet their burden in FOIA litigation, agencies sometimes provide a *Vaughn* index—a detailed index showing justification for withholding each document. *See, e.g.*, *Miscavige v. IRS*, 2 F.3d 366, 367 (11th Cir. 1993). This is like a privilege log for FOIA requests, but as noted in *CREW*, an agency need not produce a *Vaughn* index at the administrative level. 711 F.3d at 187, n. 5 (citations omitted); *see also NRDC, Inc. v. NRC*, 216 F.3d 1180, 1190 (D.C. Cir. 2000) (providing a *Vaughn* index "is a rule that governs litigation in court and not proceedings before the agency"); *Washington v. Off. of Mgmt. & Budget*, No. 2:21-CV-00564-TL, 2022 WL 823547 (W.D. Wash. Mar. 18, 2022) ("a *Vaughn* index is typically the product of litigation and is not a requirement under the statute."). Indeed, "there is no requirement that an agency provide a … '*Vaughn*' index on an initial request for documents." *Schwarz v. U.S. Dep't of Treasury*, 131 F. Supp. 2d 142, 147 (D.D.C. 2000); *see also Sakamoto v. EPA*, 443 F. Supp. 2d 1182, 1189 (N.D. Cal. 2006) (granting summary judgment because, *inter alia*, "agency responses to FOIA requests are not required to contain a *Vaughn* index."); *Jud. Watch, Inc. v. Clinton*, 880 F. Supp. 1, 11 (D.D.C. 1995) *aff'd*, 76 F.3d 1232 (D.C. Cir. 1996) ("Agencies need not provide *Vaughn* Index until ordered by court after the plaintiff has exhausted administrative process.").

posture here is that Plaintiff failed to exhaust administrative remedies, and the Service has moved to dismiss Plaintiff's suit on that basis.

The Service was not required to provide a *Vaughn* index at the administrative level because neither the FOIA statute nor the FOIA decisional law provides for it. Unsurprisingly, Plaintiff cites no cases holding otherwise. The Service's final response letter qualifies as a determination that triggered Plaintiff's obligation to exhaust administrative remedies before suing.

### III. The Court can treat the motion as either a Motion to Dismiss or a Motion for Summary Judgment.

The Service attached a declaration to its motion (ECF 4 at Exh. 1.) Plaintiff asks the Court to enter an order confirming whether it will treat the motion as a Motion for Summary Judgment and providing a briefing schedule. (ECF 8 at 7.) Plaintiff has since filed his response and the Service does not object to entry of an order confirming the Court's chosen treatment of the motion.

The Service notes, however, that the Court can decide this motion without considering the declaration because the law unequivocally requires Plaintiff to submit an administrative appeal before suing and it is undisputed that Plaintiff did not. The Service's motion cited the declaration only twice, both times to affirmatively establish that Plaintiff did not submit an administrative appeal. (ECF 4 at 3, 9.) But Plaintiff has never alleged that he administratively appealed and the

Service's assertion that he did not remains undisputed. Therefore, Plaintiff failed to state a claim and the Court can decide the motion without including the declaration.

## CONCLUSION

Plaintiff failed to address the Eleventh Circuit precedent and statutory text establishing that he was required to exhaust his administrative remedies before suing. Plaintiff's argument that the Service's final response somehow did not constitute a 'determination' is also unsupported. Plaintiff has failed to establish an essential element of his claim— administrative exhaustion is a judicial prerequisite to a FOIA suit—so this case should be dismissed.

Dated: September 4, 2024          Respectfully submitted,

**DAVID A. HUBBERT**
Deputy Assistant Attorney General

/s/ *Robert J. Atras*
ROBERT J. ATRAS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Tel: (202) 307-3738
Fax: (202) 514-6866
Robert.J.Atras@usdoj.gov
*Counsel for Internal Revenue Service*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of September 2024, I electronically filed the foregoing document and all attachments thereto with the Clerk of Court using the CM/ECF system, which will send notice to all registered to receive it.

/s/ *Robert J. Atras*
ROBERT J. ATRAS
Trial Attorney, Tax Division
U.S. Department of Justice